Mazelin v. Martin.

---

# IN GENERAL TERM, 1873.

---

## John B. Mazelin v. Lyman Martin, Appellant.

Promissory Note—*extension of payment ; forbearance—*
Sheriff's Sale—*purchasers at, for what held—*
Assignment of Error—*what necessary.*

A promissory note falling due May 1, 1872, was on that day endorsed. " This note extended until the first day of September, 1872, at 10 per cent. interest, the payment of the within note assumed by A." Signed A.

In a suit to recover on said agreement, A, the defendant, answered, that he indorsed the note as surety only, for the maker.

*Held:* An answer that the contract was wholly executed without consideration as to him, A, is bad.

Any loss, trouble, or disadvantage undergone by, or charge imposed upon him to whom it is made, constitutes a good consideration.

It is immaterial whether the party making the promise, in consideration of forbearance, has any direct interest in such indulgence, or will be benefited by the delay incident thereto. It is enough that he requests such forbearance, for the benefit to the debtor will be supposed to extend to the promissor.

Purchasers of property at Sheriff's sale are not held for the value of the property, but for the amount bid.

Assigning as error, matters which are only good as reasons for a new trial is useless, and presents no question for review. If such reasons are embodied in a motion for a new trial, an assignment of error in overruling the motion, is all that is neceesary to present the question.

*George Carter*, for appellee.

BLAIR, J.—The complaint in this case shows that one Henry Graves made certain promissory notes to John M. and Mary Ross, and also made a mortgage to secure the payment of the same. The note of the series last to become due, was assigned by the payees to the plaintiff before it became due. It become due on the first day of May, 1872. At that date the following indorsement was made thereon by the defendant:

" This note extended until the first day of September, 1872, at 10 per cent. interest, the payment of the within note assumed by Lyman Martin.

Signed, LYMAN MARTIN."

Upon this agreement to assume the payment of the note, the plaintiff seeks to recover of the defendant.

A demurrer to the complaint was overruled, and this ruling is assigned as error. This point is not urged in the brief of appellant, and we see no objection to the complaint.

An answer in four paragraphs was then filed, to the last

three of which, (the first being a general denial) demurrers were sustained.

In the second paragraph of answer, it is alleged by the defendant that he endorsed the note as surety only, for the maker.

This was an attempt to contradict, and vary the express terms of the agreement signed by the defendant, and hence was bad.

In a third paragraph he says the contract " was executed wholly withont consideration as to him, said defendant."

The latter words, " as to him, said defendant," so limit the meaning of the plea, that it is not a good answer. " Any benefit accruing to him who makes the promise, or any loss, trouble, or disadvantage undergone by, or charge imposed upon, him to whom it is made," will constitute a good consideration. *Burrill's · Law Dictionary, tit.*—Consideration; *Smith on Contracts*, 87, 88.

Again, in 1 *Parsons' on Contracts*, 443, the author says in reference to forbearance, " It is not material that the party, who makes the promise in consideration of such forbearance, should have a direct interest in the suit to be forborne, or be directly benefited by the delay." It is enough that he requests such forbearance; for the benefit to the debtor will be supposed to extend to the promissor.

The fourth paragraph of answer alleges, that the notes falling due prior to the one in suit, all of which were secured by a mortgage of certain real estate, were put in suit, and a decree of foreclosure rendered, and the mortgaged property sold at Sheriff's sale to satisfy said notes, and the plaintiff, with one Henry Graves, and other parties, unknown to the defendant, did conspire to cheat and defraud the defendant, and purchased the real estate at the Sheriff's sale for twenty-two hundred dollars, less than its reasonable market value, and, in pursuance of such conspiracy, induced the defendant

Mazelin *v.* Martin.

to indorse the note as charged in the complaint, for the purpose of releasing Graves, the maker of the note, and to release the mortgaged property.

The answer in no way impeaches the regularity, and validity of the foreclosure proceedings, and sale by the Sheriff, nor did the contract of the defendant release either the mortgage security, or the maker of the note. Purchasers of property at a Sheriff's sale, are not held for the value of the property, but for the amount bid. The answer does not, therefore, allege facts from which fraud can be inferred, and the ruling on demurrer was right.

On the trial of the cause, judgment was rendered against the defendant, and a motion for a new trial was overruled.

The ruling upon this motion is not assigned as error.

Assigning as errors, matters which are only good as reasons in support of a motion for a new trial, is useless, and presents no question for review. If such reasons are embodied in a motion for a new trial, an assignment of error in overruling the motion, is all that is necessary to present the questions.

The judgment is affirmed.